**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

MICHELE B.,                                   Case No. 23-CV-1051 (JFD)

        Plaintiff,

v.                                            **ORDER**

MARTIN J. O'MALLEY, Commissioner
of Social Security Administration,

        Defendant.

---

Pursuant to 42 U.S.C. § 405(g), Plaintiff Michele B. seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying her application for Social Security Disability Insurance benefits ("DIB") for lack of disability. The matter is now before the Court for review. Because the Court finds that the Commissioner's decision denying DIB is supported by substantial evidence in the record, the Court affirms the decision of the Commissioner.

I.      **BACKGROUND**

A.      **Procedural History**

On September 8, 2020, Plaintiff applied for DIB, alleging disability with an onset date of January 15, 2020, due to a variety of physical and mental ailments. (R. 15, 18, 276, 308.) The Social Security Administration initially denied Plaintiff's claim on April 26, 2021, and denied her claim upon reconsideration on November 10, 2021. (R. 120–144.) On November 29, 2021, Plaintiff filed a written request for hearing. (20 C.F.R § 404.929 et seq.; R. 15.) An Administrative Law Judge ("ALJ") held a telephonic hearing on March

1

8, 2022. The ALJ ruled against Plaintiff on May 2, 2022. (R. 15–33, 42.) Plaintiff filed a

request for review, which the Appeals Council denied in February 2023, making the ALJ's

decision the Commissioner's final decision. *See Sims v. Apfel*, 530 U.S. 103, 107 (2000).

**B.      Administrative Hearing before the ALJ and the Written Decision**

At the hearing before the ALJ, Plaintiff and a vocational expert testified. (R. 43–

69.) In his written findings, the ALJ proceeded through the five-step inquiry prescribed in

20 C.F.R. §§ 404.1520(a). (*See* R. 15–32.) The ALJ found that Plaintiff met the insured

status requirements of the Social Security Act through March 31, 2026. (R. 17–18). At step

one, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since

the alleged onset date. (R. 18.) At step two, the ALJ found that Plaintiff had the "severe

impairments" of generalized anxiety disorder; major depressive disorder; posttraumatic

stress disorder; polysubstance use disorder; and fecal incontinence, status post InterStim.

(R. 18.) At step three, the ALJ found that none of Plaintiff's impairments, singly or in

combination, met or equaled any of the impairments listed in 20 C.F.R. Part 404, Subpart

P, Appendix 1. (R. 20.)

The ALJ then determined Plaintiff's residual functional capacity ("RFC") at step

four. He found that Plaintiff had the RFC:

> to perform a full range of work at all exertional levels but with
> the following nonexertional limitations: she would need to
> avoid concentrated exposure to atmospheric conditions as that
> is defined in the SCO. And she could work in a setting with
> routine repetitive tasks, or of tasks of limited detail, such as
> consistent with GED reasoning level 3 ("Apply common sense
> understanding to carry out detailed but uninvolved written or
> oral instructions. Deal with problems involving a few concrete

> variables in or from standardized situations.") She would have
> an unexpectedly absent [sic] once per month.

(R. 23.) Based on this RFC, the ALJ found at step 4 that Plaintiff was capable of performing

her past relevant work as a housekeeper, cleaner (DOT code 323.687-014, light, unskilled,

SVP 2) or a home attendant/personal care attendant (PCA) (DOT code 355-674-014,

medium per DOT but light as performed, semi-skilled, SVP 3). (R. 31.) Consequently, the

ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act.

(R. 32.)

## II.      Standard of Review

Judicial review of the Commissioner's denial of benefits is limited to determining

whether substantial evidence on the record as a whole supports the decision, 42 U.S.C.

§ 405(g), or whether the ALJ's decision resulted from an error of law, *Nash v. Comm'r,*

*Soc. Sec. Admin.*, 907 F.3d 1086, 1089 (8th Cir. 2018). "Substantial evidence is less than

a preponderance but is enough that a reasonable mind would find it adequate to support the

Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002)

(citing *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000)). The Court must examine

"evidence that detracts from the Commissioner's decision as well as evidence that supports

it." *Id*. (citing *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000)). The Court may not reverse

the ALJ's decision simply because substantial evidence would support a different outcome

or because the Court would have decided the case differently. *Id*. (citing *Woolf v. Shalala*,

3 F.3d 1210, 1213 (8th Cir. 1993)). In other words, if it is possible to reach two inconsistent

positions from the evidence and one of those positions is that of the Commissioner, the

Court must affirm the decision. *Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992).

**III.   Discussion**

Plaintiff argues that the ALJ erred in two respects. First, Plaintiff contends that

despite the finding at step three that she had moderate limitations in concentration,

persistence, or pace, the RFC determination made at step four does not adequately reflect

any such limitations. Second, Plaintiff contends that the ALJ's finding that she was

restricted to jobs with "GED reasoning level 3" did not provide a sufficiently clear

function-by-function assessment of her ability to perform work activity. (R. 23) The Court

is not persuaded by either of these arguments.

    **A.   The ALJ Appropriately Accounted for the Moderate Limitations in
    Concentration, Persistence, or Pace Set Forth at Step 3 When
    Determining Plaintiff's RFC.**

Plaintiff contends that the ALJ erred by failing to appropriately account for the

moderate limitations in concentration, persistence, or pace set forth at step three of the five-

step analysis when determining her RFC at step four. Plaintiff does not challenge the

finding of moderate limitation in concentration, persistence, or pace made at step three.

Rather, Plaintiff argues that the ALJ failed to incorporate her moderate limitation in

concentration, persistence, or pace at step four, which in turn meant that the limitation was

not accounted for in the hypothetical presented to the vocational expert at the hearing.

The Court rejects this argument for two reasons.  First, the step-three ratings and the

residual functional findings "serve distinct purposes at the separate steps of the sequential

evaluation process." *West-Viotay v. Saul*, 829 F. App'x 149, 150 (8th Cir. 2020) (per

curiam). Step three examines whether a claimant meets specific criteria; if they do, then they are found disabled, without further inquiry. *KKC ex rel. Stoner v. Colvin*, 818 F.3d 364, 370 (8th Cir. 2016). At step four, by contrast, the ALJ must determine what the claimant can still do despite his or her limitations. and this determination is based on the entire record, including both medical and non-medical evidence, subjective statements, and medical opinions. *See*, *e.g.*, Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims, SSR 96-8P, at *2 (S.S.A. July 2, 1996); *Buford v. Colvin,* 824 F.3d 793, 796 (8th Cir. 2016). After step 3, Plaintiff's moderate rating in concentration, persistence, or pace has limited applicability because the RFC is a more detailed determination of the claimant's ability to work. (R. 23). Social Security Ruling (SSR) 96-8p, 1996 WL 374184, at *4 ("RFC is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities."). Accordingly, findings at step three need not map cleanly onto the more granular assessment made at step four. A moderate rating in this domain does not dictate specific work limits, and Plaintiff, not the ALJ, had the burden of proving her functional capacity. *See Despain v. Berryhill*, 926 F.3d 1024, 1027 (8th Cir. 2019).

Second, the ALJ *did* account for Plaintiff's limitations in maintaining concentration, persistence, or pace at step four. In his written findings, the ALJ weighed Plaintiff's alleged symptoms, testimony, treatment history, test scores, medication effectiveness, provider observations, opinions, and activities spanning over 1,000 pages (R. 24-31). As a result of

that review, the ALJ found that Plaintiff "could work in a setting with routine[,] repetitive

tasks, or of tasks of limited detail, such as are consistent with GED reasoning level 3

('Apply common sense under-standing to carry out detailed but uninvolved written or oral

instructions. Deal with problems involving a few concrete variables in or from standardized

situations.')." (R. 23). The ALJ also made clear in some detail why he believed this finding

captured the limitations set out at step three.

> As the objective medical evidence of record established, the claimant's mental impairments improved with prescribed treatment that consistent [sic] of psychotropic medication and mental health psychotherapy (i.e., couples therapy, DBT, and ARMHS). With this course of treatment, the claimant's mental status exams were routinely within normal limits, which was consistent with her activities of daily living and her Part "B" criteria that indicated no more than moderate limitation in concentrating, persisting, or maintaining pace as showed by her difficulty with concentration, motivation, and energy. Thus, I found the claimant was capable of performing work in a setting with routine repetitive tasks, or of tasks of limited detail, such as consistent with GED reasoning level 3. This level of reasoning entails "detailed but uninvolved . . . instructions" which is consistent with the demonstrated level of concentration impairments. Similarly, this level of reasoning deals with "problems involving a few concrete variable[s] in or from standardized situations" which is consistent with claimant's ability to maintain concentration on standardized variables, while also accounting for her limitations to consistently engage in abstract variables and novel situations.

(R. 28). This explanation was more than adequate, and the rationale given by the ALJ was

supported by substantial evidence in the record as a whole.

6

Finally, because the ALJ's findings at step four were well supported, there was no error in the hypothetical question posed to the vocational expert, which accounted for the step-four findings.[1] The Court therefore rejects Plaintiff's first argument.[2]

### B.   The ALJ Did Not Err in Including a Limitation to "Reasoning Level 3" Work.

Plaintiff next argues that in finding at step four that she was limited to "Reasoning Level 3" tasks, the ALJ did not conduct a clear function-by-function assessment of her ability to perform work activities. Plaintiff argues that in cases where a "severe mental impairment" is involved, the ALJ's decision "must indicate whether an individual can perform work-related mental activities generally required by competitive, remunerative work." SSR 96-8p. According to Plaintiff, the ALJ essentially took a shortcut by relying on GED reasoning levels to act as a substitute for the necessary function-by-function evaluation.

---

[1] The hypothetical presented to the vocational expert at the hearing was slightly different than the one set forth in the ALJ's written findings in that the question "further restricted the hypothetical person to light exertional work with occasional stooping, crouching, and crawling." In his analysis, the ALJ found "the limitations of light exertional work with occasional stooping, crouching, and crawling were not supported because the claimant's only severe physical impairment was fecal incontinence that was adequately treated by undergoing an InterStim implantation and having a history of obstructive airway disease controlled by medication." (R. 31-32). Plaintiff has not argued that the vocational expert would have testified differently had these physical limitations not been included in the hypothetical question.

[2] Plaintiff also asserts briefly near the end of her brief that the RFC did not address work-related decisions and changes in routine. But the ALJ's RFC finding necessarily limited Plaintiff to routine, repetitive tasks, few concrete variables, and standardized situations. (R. 23). This was sufficient.

"As with exertional capacity, nonexertional capacity must be expressed in terms of work- related functions. Work-related mental activities generally required by competitive, remunerative work include the abilities to: understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting." SSR 96-8P.

The ALJ pointed out in his analysis that the "mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process required a more detailed assessment of the areas of mental functioning" than the criteria used to rate the severity of Plaintiff's mental impairments. (R. 23.) The ALJ then walked through Plaintiff's mental impairments and how they impacted her ability to perform work. (R. 25– 28.) As quoted above, the ALJ found the claimant was capable of performing work in a setting with routine repetitive tasks, or of tasks of limited detail, *consistent* with GED reasoning level 3. The ALJ went on to spell out that this level of reasoning entails "detailed but uninvolved . . . instructions" which is consistent with the Plaintiff's demonstrated level of concentration impairments. Similarly, the ALJ found this level of reasoning deals with "problems involving a few concrete variable[s] in or from standardized situations" which is consistent with claimant's ability to maintain concentration on standardized variables, while also accounting for her limitations to consistently engage in abstract variables and novel situations." (R. 28). In other words, the ALJ provided a clear, function-by-function assessment of Plaintiff's capabilities. The reference to "Reasoning Level 3" in the RFC

8

merely provided additional clarification regarding what those limitations entailed; it did

not act as a stand-in for the necessary detailed assessment.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT**

**IS HEREBY ORDERED THAT**:

1.      Plaintiff Michele B.'s motions (Dkt. Nos. 11 & 14) are **DENIED**;

2.      Defendant's motion (Dkt. No. 13) is **GRANTED**; and

3.      The decision of the Commissioner of Social Security is **AFFIRMED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 29, 2024                    _s/ John F. Docherty_____
                                          JOHN F. DOCHERTY
                                          United States Magistrate Judge